```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

------------------------------------------------------------

| | : | |
|---|---|---|
| STEFANI ROSSI REO, | : | Case No. 1:18-cv-1544 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 5, 6, 7] |
| MIDLAND CREDIT MANAGEMENT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Stefani Reo brought claims in state court under federal and state consumer protection laws against Defendant Midland Credit Management, generally alleging that she has received unwanted and unauthorized phone calls from Midland attempting to collect on a debt that she does not owe.[1] Midland removed the case to federal court and filed an answer.[2] Plaintiff Reo is unsatisfied with that answer and moves to strike it in its entirety, to strike several affirmative defenses, and for a more definite statement.[3]

Plaintiff Reo's primary argument is that Defendant Midland's affirmative defenses do not comply with the standards articulated by the Supreme Court in *Twombly*[4] and *Iqbal*.[5] But this Court has previously concluded that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses.[6] While other judges in the Northern District of Ohio have concluded otherwise,[7] those decisions are not binding on this Court[8] and the Court adheres to its earlier ruling.

---

[1] *See* Doc. 1-1 at 3–12.
[2] Doc. 1; Doc. 2.
[3] Doc. 5; Doc. 6; Doc. 7.
[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[6] *Vary v. City of Cleveland*, No. 1:16-cv-37, 2016 WL 3085311, at *1 (N.D. Ohio June 2, 2016) ("This Court follows the majority approach in finding that the *Iqbal* and *Twombly* pleading requirements do not apply to affirmative defenses.").
[7] *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010).
[8] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 James W. Moore et al., *Moore's Fed. Practice* § 134.02(1)(D) (3d ed. 2011))).

Some of Defendant Midland's defenses are objectionable on other grounds. Its third affirmative defense is essentially a denial of liability, not an assertion of an affirmative defense.[9] Its thirteenth affirmative defense appears to request that this Court stay these proceedings, which should be presented in a separate motion rather than as an affirmative defense.[10] And its fifteenth affirmative defense appears to be a counter-claim for fees, expenses, costs, and damages under the Fair Debt Collections Practices Act,[11] which *would* need be pled under the *Twombly/Iqbal* standard.[12]

The Court will therefore **GRANT** the motion to strike affirmative defenses as to Defendant Midland's third, thirteenth, and fifteenth affirmative defenses. If the Defendant believes that these defenses can be recast in a proper form, it should file an amended answer within ten days of this Order.

The Court is not persuaded by Plaintiff Reo's objections to Midland's other affirmative defenses. While there may ultimately be legal or factual reasons to reject those defenses as the litigation proceeds, the Court will reserve ruling on those issues until the case has proceeded farther. The Court therefore **DENIES** the motion to strike affirmative defenses as to all of the other defenses asserted in the answer. That denial shall not be read to preclude Plaintiff Reo from asserting the arguments in her motion to strike at a later stage in the case.

The Court is also not persuaded that the answer is vague or defective enough to warrant either striking the answer as a whole or ordering Defendant Midland to file a more definite statement.[13] Indeed, to the extent the motion for a more definite statement focuses on the thirteenth and fifteenth

---

[9] Doc. 2 at ¶ 58 ("Plaintiff's claims may be barred because [Midland] at all times complied in good faith with all applicable statutes and regulations.").

[10] Doc. 2 at ¶ 68.

[11] Doc. 2 at ¶ 70.

[12] *Nat'l Union Fire Ins. Co. v. Small Smiles Holding Co., LLC*, 781 F. Supp. 2d 597, 600 (M.D. Tenn. 2011).

[13] *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007) ("A motion for a more definite statement should not be used as a substitute for discovery. Accordingly, a motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail . . . . . [It] must be denied where the subject [pleading] is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail. Federal courts generally disfavor motions for more definite statements." (quoting *Schwable v. Coates*, No. 3:05-cv-7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005)) (internal quotation marks and citations omitted) (first two alterations in original)).

defenses, it is moot given the Court's ruling on the motion to strike affirmative defenses. The Court therefore **DENIES** the motions to strike the answer in its entirety and for a more definite statement.

For all of those reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to strike affirmative defenses. If Defendant Midland believes its third, thirteenth, and fifteenth affirmative defenses can be recast in proper form, it shall file an amended answer addressing the Court's concerns within ten days of this Order. The Court **DENIES** the motion to strike the answer in its entirety and the motion for a more definite statement.

IT IS SO ORDERED.

Dated: August 21, 2018                    *s/      James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE